IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PABLO ANTONIO BARAHONA-BELLOSSO,<br><br>Petitioner,<br><br>vs.<br><br>TODD BLANCHE, in his official capacity as Attorney General of the United States; TODD LYONS, in his official capacity as Acting Director, Immigration and Customs Enforcement; ROB JEFFREYS, in his official capacity of Director of Nebraska Department of Corrections; and DEPARTMENT OF HOMELAND SECURITY,<br><br>Respondents. | **8:26CV373**<br><br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Pablo Antonio Barahona-Bellosso's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully detained. For the reasons set forth herein, the Court grants the Petition and orders Respondents to release Petitioner.

## I.    BACKGROUND

Petitioner is a native and citizen of El Salvador. Filing No. 1 at 4. He entered the United States without inspection on January 19, 2016, and was apprehended later that day by U.S. Border Patrol. Filing No. 6 at 3. Petitioner was issued a notice to appear in immigration court and ordered released on his own recognizance. Filing No. 6-3 at 1. He was placed in the Alternative to Detention ("ATD") program and equipped with a GPS ankle monitor. Filing No. 6-4 at 1. He was ordered to report in person on January 28, 2016. Filing No. 6-3 at 1.

1

Nearly three years later on December 5, 2018, a DHS case specialist attempted to contact Petitioner by leaving him a voicemail, leaving voicemails for four acquaintances, and speaking with one acquaintance who stated "he would tell the Participant to report to the office if he spoke with him." Filing No. 6-5 at 1. The following day, having not heard from Petitoiner, DHS determined Petitioner had absconded and terminated him from the ATD program. *Id.*

On June 23, 2026, ICE arrested Petitioner during a vehicle stop and issued him a warrant. Filing No. 6 at 4. Petitioner remains detained in the McCook Detention Center in McCook, Nebraska, and is scheduled to appear in immigration court on August 31, 2026. *Id.*

Petitioner seeks his immediate release or a bond hearing. Filing No. 1 at 10.

## II.    ANALYSIS

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A), pointing to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In *Avila*, the Eighth Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A). Previously, § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those apprehended in the country. Prior to the Eighth Circuit's decision, the undersigned had found DHS's interpretation of the INA to be incorrect. *See Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328, at *2 (D. Neb. Jan. 8, 2026). Numerous district courts across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court

2

of Appeals, Sixth Circuit Court of Appeals, Ninth Circuit Court of Appeals, and Seventh Circuit Court of Appeals. have agreed.  *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *1 (7th Cir. July 30, 2026). However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed.  The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

But Petitioner's situation is distinct from that set forth in *Avila*.  When Petitioner was detained and released on his own recognizance, the government necessarily invoked 8 U.S.C. § 1226.  Filing No. 6-3 at 1 (order of release on recognizance stating the release is made "[i]n accordance with Section 236 of the Immigration and Nationality Act," i.e., 8 U.S.C. § 1226).  Now, Respondents claim Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A) rather than § 1226.  But, "courts may not accept . . . *post hoc* rationalizations for agency action," and "an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983).  "Put simply, the Government is not allowed to change horses midstream. It is stuck with the horse on which it rode into court," which, here, is 8 U.S.C. § 1226. *Souleimane C. v. Blanche*, No. 26-CV-2215 (LMP/JFD), 2026 WL 1180075, at *3 (D. Minn. Apr. 30, 2026); *accord Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 8:26-CV-131, 2026 WL 926725, at *1 (D. Neb. Apr. 6, 2026) ("If the

3

government was going to detain the petitioner for removal proceedings, [his apprehension at the border] was the time.   Instead, the government decided to release him on conditional parole—and when it did so, the petitioner's detention and removal were subject to the statutory scheme in § 1226.").

Noncitizens detained under 8 U.S.C. § 1226(a) are entitled to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).  Here, the government made such a determination and released Petitioner on his own recognizance.  The parties argue over whether Petitioner "absconded" from the ATD program by failing to return the agent's voicemail within 24 hours.  The Court notes that the order of release on recognizance and ATD forms do not set a requirement for returning voicemails within a certain timeframe such that Petitioner's failure can be deemed a per se violation of his release terms on the record before the Court.[1]  Petitioner argues he was attending his check-ins and removal proceedings at the time he allegedly absconded and never received the voicemail message to check in with Respondents.  He also points out that Respondents could have located him via the ankle monitor.

The Court assumes the Petitioner was not wearing an ankle monitor at that time of his 2026 arrest and had not obtained permission to remove it.  Furthermore, it appears the Petitioner was not reporting to ICE or DHS throughout the nearly eight years following his ATD program termination.  An immigration judge conducting a bond revocation proceeding would have taken this information into account at a bond hearing.

Nevertheless, the Court need not address whether Respondents could have terminated Petitioner's release on recognizance on the basis of the un-returned phone

---

[1] The forms do require Petitioner to obtain approval before changing his address.  Filing No. 6-3 at 1.

4

call, because Respondents assert Petitioner is presently detained under 8 U.S.C. § 1225(b)(2)(A) which requires mandatory detention.  For the reasons set forth above, the Court rejects that argument.  As § 1225(b)(2)(A) is Respondents' only asserted present basis for Petitioner's detention, he must be released.  Should Respondents choose to attempt to re-detain Petitioner, they must afford him a bond hearing wherein the burden is on the government to demonstrate he poses a flight risk or is a danger to the community. Importantly, because Respondents previously deemed it appropriate to release Petitioner into the country without bond, Respondents must explain what has changed about Petitioner's circumstances so as to justify his detention now.

Furthermore, even if Respondents had not previously chosen to invoke § 1226 in Petitioner's case, the Court would nevertheless find that his detention without the opportunity for a bond violates his due process rights under the three-part test in *Mathews v. Eldridge*, 424 U.S. 319, (1976), as set forth in *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026).  Accordingly,

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.

2. Respondents shall release Petitioner from custody as soon as practicable, no later than 48 hours from the filing of this Order on his own recognizance as previously ordered and without additional conditions.

3. Respondents must release Petitioner with all personal effects including identification documents and immigration documents, and without conditions such as location tracking devices.

4. Should Respondents seek to re-detain Petitioner, they must afford him a prompt bond determination hearing as described herein.

5. Respondents shall provide the Court with a status update concerning Petitioner's release by no later than **5:00 P.M. on August 14, 2026.**

Dated this 11th day of August, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge